**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1834-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TIANLE LI,

    Defendant-Appellant.

_____

Submitted April 13, 2021 – Decided June 24, 2021

Before Judges Gilson and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. 11-05-0690.

Ferro & Ferro, attorneys for appellant (Nancy C. Ferro, on the briefs).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Nancy A. Hulett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After the State presented evidence of: a contentious divorce between defendant Tianle Li and her husband, Xiaoye Wang; defendant's prior threats to poison her husband; defendant's access to thallium through her work at Bristol-Myers Squibb; her initial denial of access to thallium; records showing the thallium bottles ordered by defendant were returned to storage with less content than when defendant received them despite other records showing defendant never used any thallium in the chemical reactions she performed at work; articles about thallium found in defendant's laptop case; defendant's booking of one-way flights to China for her and her son; and defendant's admission to her cellmate that she had poisoned her husband with the thallium she obtained from work, defendant was convicted by jury of first-degree murder, N.J.S.A. 2C:11-3(a)(1), (2), and third-degree hindering apprehension, N.J.S.A. 2C:29-3(b)(4), in connection with the thallium-poisoning death of her husband. We affirmed defendant's conviction. State v. Li, No. A-1318-13 (App. Div. Apr. 24, 2018) (slip op. at 4), certif. denied, 236 N.J. 35 (2018).

Defendant now appeals from the PCR court's order denying her petition for post-conviction relief (PCR) without an evidentiary hearing, arguing:

POINT ONE

A-1834-19

THE PCR COURT ERRED IN DENYING POST-CONVICTION RELIEF ON DEFENDANT'S APPLICATION.

POINT TWO

TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL ON THE ISSUE OF INTERVENING CAUSE BY FAILING TO PRESENT MEDICAL EXPERT TESTIMONY.

POINT THREE

TRIAL COUNSEL GAVE INEFFECTIVE ASSISTANCE REGARDING DEFENDANT'S RIGHT TO TESTIFY ON HER OWN BEHALF.

POINT FOUR

MULTIPLE ERRORS BY COUNSEL CUMULATIVELY PREVENTED DEFENDANT FROM RECEIVING A FAIR TRIAL.

Reviewing the factual inferences drawn by the trial court and its legal conclusions de novo because the trial court did not conduct an evidentiary hearing, State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016), we are unpersuaded and affirm substantially for the reasons set forth in Judge Michael A. Toto's written decision in which he concluded defendant's claims were

procedurally barred and failed to meet the <u>Strickland</u>-<u>Fritz</u> standard[1] for establishing ineffective assistance of counsel.

Judge Toto aptly set forth the facts of this case in his written decision; we will repeat only those necessary to address defendant's claims. As the trial judge, Judge Toto granted the State's in limine motion and precluded defendant from asserting as an intervening cause the alleged medical malpractice of the doctors who treated Wang after his admission to the hospital on January 14, 2011 until his demise twelve days later.

Defendant claims her trial counsel was ineffective for failing to submit a medical expert report in response to the State's motion, instead relying on four affidavits of merit authored in support of the Wang estate's civil suit against the hospital and doctors. Defendant also avers trial counsel failed to call a medical expert to testify "on the issue of intervening cause for failure to obtain timely heavy metal test results" that would have supported her

---

[1] To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test formulated in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987), first by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," then by proving he suffered prejudice due to counsel's deficient performance, <u>Strickland</u>, 466 U.S. at 687; <u>see also</u> <u>Fritz</u>, 105 N.J. at 52. Defendant must show by a "reasonable probability" that the deficient performance affected the outcome of the proceeding. <u>Fritz</u>, 105 N.J. at 58.

theory . . . that the medical malpractice and gross negligence of the medical personnel in failing to promptly request and follow through with heavy metal tests, including thallium, had caused the death of . . . Wang. Conversely, had . . . Wang been diagnosed in a timely manner which met the standards of reasonable medical care, he would have been able to survive and recover.

We agree with Judge Toto that defendant was barred from raising this issue because we had addressed it on direct appeal and concluded "[t]his was not a case involving an intervening cause." Li, slip op. at 25. We observed "[n]othing broke the causal chain between defendant's administration of thallium to Wang and his death," id. at 27, the intended consequence of defendant's poisoning with, as Judge Toto noted in his decision, thallium levels that exceeded the limits of the reporting system at the Mayo Clinic lab to which Wang's urine samples were sent. Specifically, we held: "No action or inaction of the hospital staff altered the natural course of events between the administration and Wang's death." Ibid.

"[A] defendant may not use a petition for post-conviction relief as an opportunity to relitigate a claim already decided on the merits." State v. McQuaid, 147 N.J. 464, 483 (1997); see R. 3:22-5. Defendant's argument is therefore barred.

A-1834-19

Defendant's references to the State's witnesses' testimony and the report submitted by Steven M. Marcus, M.D. do not alter our previous determination. While the snippets of trial testimony from the State's medical experts, in the light most favorable to defendant, may establish delayed diagnosis of thallium poisoning, they do not alter that Wang died as a direct consequence of that poisoning. Moreover, Marcus's report does not establish the treatment Wang received was an intervening cause. Indeed, Marcus conceded "[i]t is impossible to know for certain what the final outcome might have been if the diagnosis had been made appropriately and promptly." Marcus observed that "there are cases of thallium poisoning that are successfully treated with survival" which he opined "would have likely have been the case . . . if the [hospital] staff had treated [Wang] early in the course of his hospitalization." The survival of which Marcus spoke is that from defendant's poisoning. Even assuming the hospital staff was negligent, even grossly negligent, that did not set "the natural course of events" that led to Wang's death, State v. Pelham, 176 N.J. 448, 461 (2003) (citation omitted); defendant did that by poisoning him with thallium.

Defendant counsel's representation was not ineffective. An intervening cause was not, nor could it have been, established.

6

We fully agree with Judge Toto's analysis and conclusion that the record belies defendant's argument that her counsel failed "to properly inform defendant of the repercussions of her not testifying on her own behalf at trial." As the judge noted in his PCR decision, in response to his questioning during the trial, defendant confirmed counsel had discussed her right to testify and that she had sufficient time to consult with counsel about that decision. Judge Toto also recounted that counsel had represented

> to the [c]ourt that he had thoroughly explained to [defendant] her right to testify, and that he was confident that her decision not to was made "intelligently, voluntarily, and of her own free will." In fact, the record reflects that trial counsel reported "spend[ing] an exhausted [(sic)] amount of time" discussing with [defendant] "all of her choices, her options, and the possible benefits, or detriments she might derive as a result of her testifying."

> [(Third alteration in original.)]

Defendant does not challenge the judge's description of the record. She contends that she would have testified at an evidentiary hearing "why she [did not] testify at trial and . . . what she would have testified to[.]" "Defendant may not create a genuine issue of fact, warranting an evidentiary hearing, by contradicting [her] prior statements without explanation." Blake, 444 N.J. Super. at 299. Defendant's bald averments, belied by the record, do not establish

7                                                                      A-1834-19

a prima facie claim, and an evidentiary hearing is not to be used to explore PCR claims. See State v. Marshall, 148 N.J. 89, 157-58 (1997). As such, we agree with Judge Toto that defendant did not establish a claim of ineffective assistance of counsel on that issue.

The balance of defendant's claims concerning what she terms "trial counsel's cumulative errors" is meritless. Her claim of prejudice because "not all of her medical records were admitted for use in cross-examination of the [S]tate's expert witness and for use during jury deliberations" (1) should have been raised on direct appeal and is thus barred, R. 3:22-4(a); (2) does not specify what those records were, how she would have introduced them into evidence and how they would have made a difference in the case to satisfy the second prong of Strickland-Fritz; and (3) does not establish trial counsel's ineffectiveness in that any records relating to an intervening cause are irrelevant as it was not an issue in the case.

Defendant does not inform how the list of commercial sellers of thallium, which she claims her counsel failed to introduce to show its ready availability, would have been authenticated or otherwise offered into evidence at trial. Moreover, the failure to introduce that list had little impact on the outcome of the trial, see Fritz, 105 N.J. at 58, considering the evidence established defendant

8

ordered four bottles of thallium and had direct access to it through her employment at Bristol-Myers Squibb; Bristol-Myers Squibb records of chemical reactions performed by defendant showed no entry that defendant used any of the ordered thallium at work; and five articles about thallium were found in defendant's laptop case.

Defendant claims "counsel should have produced a toxicology expert to testify as to the purpose of EDTA, which was found in her possession[,]" to counter the State's assertion it was used to mask thallium and to establish it could be used "to remove heavy metals from the body so that defendant had been trying to help . . . Wang." But defendant has not proffered what the expert would have opined. A "defendant must allege specific facts and evidence supporting [her] allegations," State v. Porter, 216 N.J. 343, 355 (2013), and "do more than make bald assertions that [she] was denied the effective assistance of counsel," State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). It is incumbent upon defendant to assert what any witness's testimony "would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid. "[B]ald assertions" of deficient performance are insufficient to support a PCR application. Ibid.; see also Porter, 216 N.J. at 355-57 (reaffirming these principles in evaluating which

of a defendant's various PCR claims warranted an evidentiary hearing). In other words, a defendant must identify what any expert or witness would have revealed and demonstrate the way the evidence probably would have changed the result. Fritz, 105 N.J. at 64-65.

Defendant's argument that counsel's failure to call her aunt to testify was ineffective fails for the same reason.

Finally, as we did on direct appeal, Li, slip op. at 29-30, we determine defendant's arguments regarding the admission of the untranslated "symptom" writings relating to Wang's condition—which defendant has not translated and provided in the PCR record—to be without sufficient merit to warrant discussion, R. 2:11-3(e)(2).

Defendant has failed to establish her trial counsel rendered ineffective assistance.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1834-19